THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| LUDWIG LAAB, | ) | |
| | ) | Supreme Court No. S-9001 |
| Appellant, | ) | |
| | ) | Superior Court No. |
| v. | ) | 3AN-97-05626 Civil |
| | ) | |
| CEDARWOOD CONDOMINIUM OWNERS' | ) | MEMORANDUM OPINION |
| ASSOCIATION, INC., and | ) | AND JUDGMENT* |
| GABRIEL MORENO, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | [No. 0995 - September 27, 2000] |

Appeal from the Superior Court of the State of
Alaska, Third Judicial District, Anchorage,
John Reese, Judge.

Appearances: Ludwig Laab, pro se, Anchorage.
Walter H. Garretson, Kevin M. Morford, Jensen,
Garretson, Verrett & Morford, Anchorage, for
Appellee Cedarwood Condominium Owners'
Association, Inc.

Before: Matthews, Chief Justice, Eastaugh,
Fabe, Bryner, and Carpeneti, Justices.

1. Ludwig Laab, a resident of Cedarwood Condominiums, sued the Cedarwood Condominium Owners' Association (Cedarwood) and Cedarwood's property manager, Gabriel Moreno, for breach of

_____

* Entered pursuant to Appellate Rule 214.

contract. Laab claimed that Moreno was an incompetent property manager whose continued employment violated Cedarwood's by-laws. Laab's complaint sought damages, the right to reinstall a fence to keep geese away from his unit, and the termination of Moreno's employment. In response, Cedarwood and Moreno filed answers denying Laab's allegations. Cedarwood also asserted a counterclaim for the costs of replacing a decorative tree that Laab had removed without the condominium association's permission.

2. After a one-day trial, the superior court ruled in favor of the defendants, finding that Moreno was a competent and professional manager. The court also ruled in favor of Cedarwood on its counterclaim, finding that Laab intentionally removed the tree without permission. The court preceded its ruling with a brief description of how it viewed the case:

> This is a classic Alaska case, I suppose. I woke up this morning thinking about it. In our office for the past few months we have referred to this as the goose poop case. This case includes personal vendettas, somebody trying to tell somebody else what to do, trespass, animal excrement . . . .

The court concluded its remarks with the comment that the case was "frivolous" and that full attorney's fees under Civil Rule 82 might be appropriate. Cedarwood later moved for full attorney's fees, which the court granted.

-2-

3. Laab now appeals, arguing that the superior court erred in its findings, improperly admitted evidence, evinced bias against Laab, and abused its discretion by awarding full attorney's fees. These arguments are meritless for the reasons discussed below.

4. Laab argues that the superior court failed to recognize that Cedarwood breached its contract with the condominium owners by retaining Moreno in violation of the by-laws.[1] But the superior court found that Moreno's employment, as a professional property manager from a responsible Alaska firm, did not violate the association by-laws. We review these findings of fact under the clearly erroneous standard.[2] We will reverse only if, upon review of the whole record, we are left with the definite and firm conviction that a mistake has been made.[3] Here, the record clearly supports the superior court's findings. The record indicates that Moreno has worked as a property manager for over nine years and

---

[1] On appeal, Cedarwood argues that Laab has no standing to raise this argument because he does not own his condominium. We reject this argument because the record is ambiguous regarding Laab's ownership of the condominium in 1997 when he filed this lawsuit.

[2] See Jordan v. Jordan, 983 P.2d 1258, 1263 n.9 (Alaska 1999).

[3] See id.

that he owns and operates a licensed property management firm, Good Property Management Services.

5. Laab also argues that Moreno breached his employment contract with the condominium owners' association. But the superior court found that Moreno had performed his tasks professionally and competently and hence fulfilled his employment contract obligations. Specifically, the superior court found that Moreno maintained telephone communication during business hours through the use of a cellular phone and that whatever lapses existed in his record-keeping were not significant. These findings are similarly supported by the record and not clearly erroneous. Numerous witnesses testified that the vast majority of condominium owners were satisfied with Moreno's services. One witness testified that during his tenure as a board member he could recall only one resident, besides Laab, who had complained about Moreno's work. Another witness testified that the association held a meeting in which the majority of condominium owners voted to retain Moreno as Cedarwood's property manager.

6. Laab argues that the superior court improperly admitted Exhibits D, E, F, K, and L and that the court improperly allowed witnesses to testify who lacked personal knowledge. However, at trial, Laab failed to object to Exhibits E, K, and L. Therefore he

-4-                    *0995*

has waived his arguments regarding those exhibits.[4] Laab preserved his objections to Exhibits D and F by objecting to their admission as "self-serving" documents prepared for litigation. The court ruled that this objection went to the weight rather than the admissibility of the evidence. This ruling was within the court's discretion.[5] On appeal, Laab also objects to these exhibits as impermissible evidence of subsequent remedial measures. However, Laab misunderstands the evidentiary rule against subsequent remedial measures. Subsequent remedial measures are inadmissible by plaintiffs in tort cases as evidence of negligence.[6] Here, the evidence was submitted by the defendants in a breach of contract case as evidence of the defendants' fulfillment of the terms of the contract.

7. Laab also claims that the superior court judge demonstrated bias against his case by referring to the case as the "goose poop case." Although judicial bias can be grounds for reversing a decision, we fail to see any compelling evidence of

---

[4]  See <u>Reid v. Williams</u>, 964 P.2d 453, 456 (Alaska 1998).

[5]  See <u>Rusenstrom v. Rusenstrom</u>, 981 P.2d 558, 560 (Alaska 1999) ("We review rulings admitting or excluding evidence for abuse of discretion.").

[6]  See Alaska R. Evid. 407.

actual bias or partiality in this case. The superior court's comment -- although flippant -- demonstrates nothing more than the court's assessment of the frivolousness of Laab's claims. This assessment of frivolousness formed the basis for the court's award of full attorney's fees and is supported by the record.

8. Laab also challenges the award of full attorney's fees, claiming it was unjustified. Under Civil Rule 82, trial courts have the discretion to award enhanced attorney's fees based on factors such as the "reasonableness of the claims" or the "vexatious or bad faith conduct" of the litigant.[7] Here, the court awarded full attorney's fees because it found the claims "frivolous" and it found the case to involve "personal vendettas." We will not disturb an award of attorney's fees unless the award is "manifestly unreasonable."[8] Here, the record supports the superior court's findings of frivolousness and vexatiousness and the award was within the court's discretion.

9. The superior court's order is AFFIRMED.

---

[7] Alaska R. Civ. P. 82(b)(3)(F-G).

[8] Power Constructors, Inc. v. Taylor & Hintze, 960 P.2d 20, 38 (Alaska 1998).

0995